**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| **v.** | : | **CRIMINAL NO. 25-455-02** |
| **MUJAHID DAVIS** | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The United States of America, by and through David Metcalf, United States Attorney for the Eastern District of Pennsylvania, and Robert E. Eckert, Assistant United States Attorney for the District, respectfully moves this Honorable Court to detain the defendant prior to trial. The defendant and his co-defendant were discovered by police operating a stolen car in close vicinity of an armored truck. The defendants were armed with two firearms, including an AR style rifle, loaded with 53 rounds. When police officers attempted to stop the defendants and detain them, the defendants fled in the stolen vehicle at a high rate of speed, attempting to evade the police for over ten minutes. After they were able to break away from the police, they abandoned the stolen car, leaving the long rifle in the car and fled on foot, trespassing through multiple yards, discarding another firearm and their clothing as they fled. In addition, the defendant had to be arrested by law enforcement at gunpoint as he hid in the backyard of a residence in Lower Merion hours after the police first attempted to stop him at a PNC Bank in Philadelphia.

The facts of this case standing alone prove two facts unequivocally; the first is that the defendant is a danger to the community, and the second is that if given the opportunity he will attempt to flee.

In addition to the charged acts in this case, the government notes the following. First, one of the defendant's co-conspirators[1] is currently charged federally with three substantive robbery counts, including the gunpoint robbery of a Brinks driver in Elkins Park, Pennsylvania on August 12, 2025, during which over $119,000 was stolen. A search warrant was executed on Davis's cellular phone, revealing significant evidence tying Davis to those other robberies. Most importantly, the FBI recovered a photograph[2] from Davis's cellular phone, taken four days after the robbery in Elkins Park, showing a picture of his face with a very large sum of money.[3]

The defendant is currently charged with attempted robbery that interferes with interstate commerce, in violation of 18 U.S.C. § 1951(a). In this case, the defendant has demonstrated to the Court that he is both a danger to the law-abiding residents of Philadelphia and Montgomery County and that he will flee from law enforcement if again given the opportunity. Thus, the

[1] Unlike his co-defendant who was under investigation for months, Davis' identity was unknown to the government until October 3, 2025, thus, he was initially only charged with the attempted robbery that occurred on the day of his arrest. As set forth in this motion, the government anticipates seeking a superseding indictment charging the defendant with additional offenses soon.

[2] See Photo, Govt. Ex. 1, provided to the Court during the detention hearing.

[3] Upon review of Davis's phone, Special Agent Kurt Frimel found multiple news articles discussing the armored truck robberies in Philadelphia within the web history of the device. The articles appeared to be discussing information and sharing photographs of the subjects that were released by the FBI. Additionally, Agent Frimel found a photograph that was timestamped on or about August 16, 2025, depicting what appeared to be Davis holding a large amount of United States Currency (USC). This photograph was taken approximately four days after the armored truck robbery that occurred on August 12, 2025, when the subjects stole approximately $119,100.00 USC.

On or about August 17, 2025, Davis messaged an individual that he had changed his phone number. Davis also stated that he does not have possession of his old phone. It is known to law enforcement that another individual involved in these armored truck robberies had changed their number around the same time. Additionally, Special Agent Kurt Frimel was able to determine Davis's Instagram account and found that the account associated with Davis had sent a story regarding the armored truck robbery on June 21, 2025, to the Instagram account associated with his co-conspirators.

government can prove that he is not likely to follow the conditions of release set by this Court because he is both a flight risk and a danger to the community. The Government respectfully submits that, for the reasons detailed below, Mr. Davis should be detained pending trial.

## I. FACTS

On October 3, 2025, FBI agents were reviewing cell phone location information for co-defendant Dante Shackleford, when they realized that he had returned to the H-Mart in Elkins Park on the morning of October 3, 2025. Given that Counts Two and Three of the indictment, ECF 13, involve an attempted robbery and a completed robbery of that same H-mart, investigators believed that Shackleford was planning another robbery.[4] Although video surveillance was later obtained showing the defendant's vehicle at the H-Mart, by the time officers responded to that location the defendant and Shackleford had left the area. Based on the information obtained from the search warrant for Shackleford's cellular phone, investigators used LPR data, Real Time Crime Camera footage, and GPS ping data to determine which vehicle he was operating.[5]

While continuing to monitor Shackleford's location, FBI agents requested PPD marked units attempt to detain the defendant at the Target/PNC Bank parking lot in West Philadelphia where they believed that Shackleford was located. Upon pulling into the vicinity of the Target at about 10:39 a.m., law enforcement noticed that a Brinks truck was parked in very close proximity to the Target and the bank, and the defendant's vehicle was backed into a parking spot

---

[4] Every robbery committed in this case involved at least two and sometimes three persons. One of the three persons believed to have committed the robbery passed away prior to the August 12, 2025 robbery, and both the August 12, 2025 and October 3, 2025 robberies, are believed to have been committed by two principal offenders, the defendant and Shackleford.

[5] All six of the incidents under investigation involved a stolen car, generally with tinted windows that was used to commit the offense and then immediately discarded.

lying in wait nearby the Brinks truck. The marked PPD unit pulled into the parking lot and the defendant's vehicle immediately fled at a high rate of speed. For the next ten minutes, at high rates of speed, the defendant's vehicle attempted to elude the police in Philadelphia and Lower Merion. After the vehicle successfully eluded the police, investigators located the vehicle[6] abandoned in Bala Cynwyd.

When investigators looked inside the vehicle they discovered a an AR-style rifle with no sights attached a very wide magazine inserted. These two distinct features of the firearm matched the firearm observed on video during the successful robbery of the H-Mart on August 12, 2025.[7]

Investigators then obtained video of the defendant and Shackleford fleeing through the backyards of residences while discarding their clothing. Along the same flight path, where the clothing was discarded and later recovered, investigators recovered the key fob to the stolen Honda and a Glock firearm.

In addition to the circumstances of his arrest, text messages recovered from the defendant's phone unequivocally demonstrate his intent to commit the robbery of an armored truck on October 3, 2025. Indeed, he sent a message to his girlfriend on October 2, 2025, stating that he was going to drop the money off tomorrow. Then, on October 3, 2025, he sent a text message to her indicating that he was hiding, proving that he was hiding from law enforcement and attempting to evade arrest.

## II. DEFENDANT'S INFORMATION

---

[6] When they ran the VIN, investigators determined that the vehicle was reported stolen on September 23, 2025, in Philadelphia.

[7] Govt. Ex. 2, a photo of the recovered firearm and a still image from surveillance video of the August 12, 2025 robbery, will be provided to the Court during the detention hearing.

The defendant is not believed to have any prior criminal convictions.

## III. MAXIMUM PENALTIES

The maximum penalty for a violation of Title 18, United States Code, Section 1951(a) is 20 years' imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

## IV. THE LAW

Title 18 U.S.C. § 3142(g) sets forth the factors that this court is to consider in determining whether a person should be released or detained. In summary, these factors are:

1) the nature and circumstances of the offenses charged;
2) the weight of the evidence against the defendant;
3) the history and characteristics of the defendant including-
   a) employment history, financial resources, drug abuse, criminal history and record of appearance at court proceedings, and
   b) whether he was on supervision at the time of his offenses or arrests or was on release pending court proceedings;
4) the dangerousness to any person or the community.

Given the strength of the evidence here, which will be further discussed at the detention hearing in this case, as well as the fact that the defendant fled from the police, there is an ample basis under the law for him to be detained pending trial.

## VI. CONCLUSION

When all these factors are viewed in light of the substantial sentence the defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

The government submits to this Court that the defendant has proven through his own actions that he is both a danger to the community and a flight risk. In addition, the defendant's clear and obvious connection to the other offenses, but particularly the August 12, 2025 robbery

that resulted in a $100,000 loss to the victim business amply demonstrate that he should be detained to ensure the safety of the community. For the reasons set forth above, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

David Metcalf
United States Attorney

/s Robert E. Eckert
Robert E. Eckert
Assistant United States Attorney

Dated: October 22, 2025

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| **v.** | : | **CRIMINAL NO. 25-445-02** |
| **MUJAHID DAVIS** | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this day of October, 2025, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention under Title 18, United States Code, Section 3142(e)(1) because:

a. the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendants as required; and

b. the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. There is probable cause to believe that the defendant violated Title 18, United States Code, Section 1951(a) (Count One).

2. The evidence in this case is strong, and the likelihood of conviction is great.

a. Law enforcement's investigation firmly establishes that on October 3, 2025, in the Eastern District of Pennsylvania, the defendant attempted a robbery that interfered with interstate commerce.

3. The total maximum penalty the defendant faces is 20 years' imprisonment, a three-year period of supervised release, and a total maximum fine of $250,000, and a $100 special assessment.

4. The strength and nature of the case against the defendant, and the substantial sentence the defendant faces if convicted, establishes that the defendant is a danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

______________________________

HON. PAMELA CARLOS
*United States Magistrate Judge*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Government's Motion for Pretrial Detention, and Proposed Order, was served on counsel for the defendant via electronic mail.

/s Robert E. Eckert
Robert E. Eckert
Assistant United States Attorney

Dated: October 22, 2025