**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 25-455-01** |
| **DANTE SHACKLEFORD** | : | |

# GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

## I. Background

The defendant, Dante Shackleford, is charged by Superseding Indictment in case 25-CR-455 with Hobbs Act robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Five), attempted Hobbs Act robbery, and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts Three, Four, and Seven), and carrying, using, and brandishing a firearm during and in relation to a crime of violence, and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 (Count Six). The defendant has indicated that he wishes to plead guilty to Count Three through Seven of the Superseding Indictment. A Change of Plea hearing is scheduled for April 22, 2026, at 9:30 a.m. before the Honorable Gail A. Weilheimer.

## II. Applicable Statutes and Essential Elements of the Offenses

**Count Five:**

**18 U.S.C. § 1951(a) (interference with commerce by threats or robbery)**

18 U.S.C. § 1951(a) provides that "whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both."

To prove a violation of 18 U.S.C. § 1951(a), the government must establish that:

(1) That Defendant took from *(the victim alleged in the indictment)* the property described in Counts One and Five of the Superseding Indictment;

(2) Defendant did so knowingly and willfully by *(robbery)*; and

(3) That as a result of *the defendant's* actions, interstate commerce *(an item moving in interstate commerce)* was obstructed, delayed, or affected.

**<u>Counts Three, Four and Seven:</u> 18 U.S.C. § 1951(a) (interference with commerce by threats or attempted robbery)**

To establish a violation of 18 U.S.C. § 1951(a) based on an attempted robbery which interferes with interstate commerce, the government must also prove beyond a reasonable doubt:

(1) That the defendant intended to commit the crime of robbery; and

(2) That the defendant performed an act(s) constituting a substantial step(s) toward the commission of robbery which strongly corroborates or confirms that the defendant intended to commit that crime.

**<u>Count Six</u>: 18 U.S.C. § 924(c)(1)(A)(ii) (carrying, using, and brandishing a firearm during and in relation to a crime of violence)**

18 U.S.C. § 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence...(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years."

To prove a violation of 18 U.S.C. § 924(c), the government must establish that:

(1) the defendant committed a crime of violence for which he may be prosecuted in a court of the United States;

(2) during and in relation to the commission of the crime of violence, the defendant carried a firearm; and,

(3) during and in relation to the commission of the crime of violence, the

firearm was brandished; and,

(4) the defendant acted knowingly.

Aiding and Abetting, in Violation of 18 U.S.C. § 2

In order to prove the defendant guilty of the offenses charged under an alternative liability under an aiding and abetting theory, the government must establish that:

(1) A defendant committed the offense charged by committing each of the elements of the offense charged;

(2) The defendant knew that the offense charged was going to be committed or were being committed by the other defendant;

(3) The defendant knowingly did some act for the purpose of aiding, assisting, soliciting, facilitating, or encouraging, the other defendant in committing the specific offense charged and with the intent that the defendants commit that specific offense; and

(4) The defendant performed an act in furtherance of the offense charged.

## III. Maximum and Mandatory Minimum Penalties

**Counts Three, Four, Five, and Seven:** The maximum penalty for a violation of Title 18, United States Code, Section 1951(a) (robbery and attempted robbery which interferes with interstate commerce) is 20 years' imprisonment, three years' supervised release, fine of up to $250,000, and a $100 special assessment.

**Count Six**: The maximum penalty for a violation of Title 18, United States Code, Section 924(c) (carrying, using, and brandishing a firearm during a crime of violence) is life imprisonment, a mandatory minimum seven years' incarceration consecutive to any other sentence imposed, five years' supervised release, fine of up to $250,000, and a $100 special assessment.

**Total Maximum Sentence:**

The defendant faces a total maximum sentence of life imprisonment, a seven-year mandatory minimum term of imprisonment consecutive to any other sentence imposed, a five-year period of supervised release, a $1,250,000 fine, and a $500 special assessment. Full restitution also shall be ordered.

## IV. Factual Basis for the Plea

On Tuesday July 15, 2025, at approximately 11:26 a.m., there was an attempted robbery of a Brink's armored truck in area of 8210 Castor Avenue, Philadelphia, PA, outside of a Planned Parenthood. Through investigation, it was determined that three individuals, one of whom was the defendant, attempted to rob a Brink's employee of U.S. Currency. The victim, a driver for Brink's, reported that he was making a delivery to Planned Parenthood when he was approached from behind by an offender carrying a handgun. The victim drew his duty firearm and fired eight shots at the individual carrying the handgun. The offender then fled northbound on Castor Avenue. At the same time, a second offender was armed with an AR-style rifle and was positioned near the intersection of Castor Avenue and Emerson Street. This offender also fled by entering the passenger seat of the offenders' black four-door sedan. The offenders then sped off on Emerson Street and turned north on Castor Avenue. Surveillance video revealed that the two offenders exited the front passenger seat and rear driver's seat of the vehicle just before the robbery, indicating there was also a getaway driver who aided and abetted the attempted robbery.

On July 22, 2025, at approximately 9:22 a.m. Cheltenham Police Department responded to a call for suspicious persons at the H-Mart located at 7320 Old York Road, Elkins Park,

Pennsylvania. The Victim, a driver for BRINK'S INC., exited the truck to make a delivery to the H-Mart when he was approached by a dark colored SUV. The Victim observed three masked males in the approaching vehicle, two of whom were in the back seat and one of whom appeared to be holding a long gun. The defendant, Dante Shackleford was one of the three individuals in the vehicle. The Victim then proceeded to run into the H-Mart, and the dark colored SUV pulled away. The Victim then contacted police. This incident was an attempt by the defendant and others to rob the armored truck driver, but the plan was abandoned when the Victim ran into the H-Mart.

On August 12, 2025, at approximately 10:22 a.m., an armed robbery of a Brink's armored truck occurred at 7320 Old York Road, Elkins Park, Pennsylvania. Cheltenham Police Officers responded to the robbery and interviewed the victim of the offense. The victim reported that she was making a delivery to H-Mart when she was approached by two masked men carrying firearms, one of whom was the defendant. The victim described one of the offenders as being armed with an AR-style rifle and reported that the other offender was armed with a handgun. The first offender pushed the barrel of the rifle into her neck and stated, "don't f*ing move, don't f*ing move, give it to me." The second offender also pushed the handgun up against her back. The offenders took the victim's duty firearm from its holster as well as the bag of U.S. Currency in her possession that she was about to deliver to H-Mart. The offenders stole approximately $119,100.00.

On October 3, 2025, Federal Bureau of Investigation (FBI) personnel received information that the defendant, Dante Shackleford was at the H-Mart, the location of the robbery charged in Count Five and the attempted robbery charged in Count Four. The FBI and

Philadelphia Police Department (PPD) officers then located defendant Davis and Shackleford in a stolen Honda Accord that was parked near a Brink's vehicle that was servicing a Target located at 4060 City Avenue in Philadelphia. PPD marked units attempted to conduct a traffic stop on the vehicle being operated by the defendant Davis and Shackleford, but the defendants' vehicle fled from police. After a lengthy vehicle pursuit, the defendants' vehicle escaped but was soon located, parked and unoccupied in Bala Cynwyd, Pennsylvania. A later search of the vehicle resulted in the recovery of an ET Arms Inc. Omega P-1 .556 caliber rifle that was loaded with one live round in the chamber and fifty-two (52) live rounds in the magazine. This rifle was consistent with the AR-style rifle described above, that was used to commit the attempted and completed robberies charged in the Superseding Indictment.

Later that afternoon, law enforcement personnel located the co-defendant hiding in a wooded area behind a residence in Bala Cynwyd. The defendant was arrested later that afternoon in Philadelphia. Along the defendants' flight path in Bala Cynwyd, law observed several items of evidence that were discarded, including a loaded Glock 17 handgun, a key fob, and clothing. The recovered key fob operated the stolen Honda Accord, that was used by the defendants to flee from police. At the time that officers spotted the defendants' vehicle near the Brink's truck on October 3, 2025, they were intending to commit a robbery of the Brink's driver.

At the time of the robberies and attempted robberies described above, Brink's was operating as a business that provides its customers with armored transportation services, specifically transporting currency and other valuables between a customer's location and/or the customer's bank or financial institution. Brink's is headquartered in Virginia with locations throughout the United States including in Philadelphia and the surrounding area. Further, each

of the businesses noted above – the H-Mart in Elkins Park, , Target, and Planned Parenthood in Philadelphia – received cash from its customers and provided it to Brink's for transportation to a bank or financial institution. Thus, the robberies and attempted robberies charged in the Superseding Indictment each had a measurable impact on interstate commerce.

## V. PLEA AGREEMENT

The parties have entered into a plea agreement, that will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI. Conclusion

For the foregoing reasons, the United States requests that the Court accept the defendant's plea of guilty.

Respectfully submitted,

David Metcalf
United States Attorney

/s Robert E. Eckert
Robert E. Eckert
Kwambina I. Coker
Assistant United States Attorneys

Dated: April 22, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Change of Plea Memorandum has been served via electronic mail upon:

***Counsel for Dante Shackleford***
Angela Levy, Esq.

/s Robert E. Eckert
Robert E. Eckert
Assistant United States Attorney

Date: April 22, 2026